IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM R. COUCH,

    Petitioner,

v.                                  Civil Action No. 3:13cv146

JOHN WOODSON,

    Respondent.

MEMORANDUM OPINION

William R. Couch, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of Fairfax County, Virginia ("Circuit Court"). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Couch has responded. The matter is ripe for disposition.

I. PROCEDURAL HISTORY

Couch pled guilty to three counts of rape. On September 30, 1992, the Circuit Court entered final judgment on Couch's three rape counts and sentenced him to three terms of life in prison. Commonwealth v. Couch, No. FE-1992-74241, at 1-2 (Va. Cir. Ct. Sept. 30, 1992). Couch filed no appeal.

On June 23, 1999, Couch filed a petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus at 1, Couch v. Deeds, No. CL-1999-181429 (Va. Cir. Ct. filed June 23, 2009). On August 19, 1999, the Circuit Court denied the petition. Couch v. Deeds, No. CL-1999-181429, at 2 (Va. Cir. Ct. Aug. 19, 1999). Couch appealed. On March 29, 2000, the Supreme Court of Virginia refused the petition. Couch v. Deeds, No. 992549, at 1 (Va. Mar. 29, 2000.)

On February 28, 2013, Couch filed his § 2254 Petition with this Court.[1] In his § 2254 Petition, Couch asserts:

| | |
|---|---|
| Claim One | Trial counsel rendered ineffective assistance by advising Couch to plead guilty to a legally unenforceable plea agreement. |
| Claim Two | Trial counsel rendered ineffective assistance by advising Couch to plead guilty when the Indictment was invalid. |
| Claim Three | Trial counsel rendered ineffective assistance by failing to object to the Court's lack of "territorial jurisdiction." (Mem Supp. Am. § 2254 Pet. 3 (ECF No. 8)) (capitalization corrected). |
| Claim Four | The Circuit Court lacked jurisdiction over Couch's trial. |

---

[1] Couch placed his initial request for federal habeas relief in the prison mailing system on this date (ECF No. 1, at 4), hence, this is the date this Court deems it filed. See Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Couch's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B. **Commencement and Running of the Statute of Limitations**

Couch's judgment became final on Friday, October 30, 1992, when the time to file an appeal expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a).[2] Nevertheless, because the Circuit Court convicted Couch prior to the enactment of the AEDPA on April 24, 1996, Couch had one-year from that date in which to file his federal habeas petition. See Hernandez v. Caldwell, 225 F.3d 435, 438-40 (4th Cir. 2000). Thus, Couch had until April 24, 1997 to file his federal petition. Id. He failed to file his

---

[2] The rule states in relevant part: "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal . . . ." Va. Sup. Ct. R. 5A:6(a) (Michie 1992).

4

§ 2254 until February 28, 2013, more than fifteen years beyond the federal limitations period.[3]

Because the limitation period ran for more than fifteen years before he filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Couch demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Neither Couch nor the record suggests any plausible basis for equitable tolling or belated commencement of the limitation period.

Instead, Couch claims that Martinez v. Ryan, 132 S. Ct. 1309 (2012) allows him to bring an untimely § 2254 Petition but provides little to no explanation for that contention. The Supreme Court in Martinez explained that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. Couch fails to suggest how Martinez entitles him to a belated commencement of the limitation period under § 2244(d) or entitles him to equitable tolling under the pertinent analysis. Moreover, even if Couch had argued belated commencement or equitable tolling,

---

[3] Because Couch filed his state habeas petition after the federal statute of limitations had expired, no period to toll existed. Deville v. Johnson, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)).

5

courts have found that Martinez has no applicability to cases barred by § 2244(d). See Saunders v. Lamas, No. 12-1123, 2013 WL 943351, at *6 (E.D. Pa. Feb. 13, 2013) (citing cases for that proposition); Wieland v. Thompson, No. 3:10-cv-00059-MA, 2012 WL 5036820, at *7 (D. Or. Oct. 17, 2012) (citing Kirksey v. Baker, No. 2:97-CV-0333-GMN-PAL, 2012 WL 2838653, at *2-3 (D. Nev. July 9, 2012); Yow v. Thaler, No. 3:10-CV-0005-K, 2012 WL 2795850, at *2 (N.D. Tex. June 20, 2012) for the proposition that Martinez provides no relief for an untimely petition under AEDPA).

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be granted. Couch's petition for relief under 28 U.S.C. § 2254 will be denied. The action will be dismissed.[4]

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Couch fails to meet this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Couch and counsel for Respondent.

It is so ordered.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: November 5, 2013
Richmond, Virginia

7